UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PELEUS INSURANCE COMPANY,<br><br>                              Plaintiff,<br><br>                     -against-<br><br>MILESTONE CONSTRUCTION CORP.,<br>NEW TENT LLC AND NEO IMAGE<br>ENTERPRISES LLC,<br><br>                              Defendants. | 22-CV-10933 (JGLC)<br><br>**OPINION AND ORDER** |

JESSICA G. L. CLARKE, United States District Judge:

Before the Court is Plaintiff Peleus Insurance Company's ("Peleus") motion for default judgment. *See* ECF No. 34. For the reasons set forth below, Plaintiff's motion for default judgment is DENIED.

## BACKGROUND

Defendants New Tent LLC ("New Tent") and Neo Image Enterprises LLC ("Neo Image") (collectively, "Owner Defendants") are owners of real property located in Manhattan, New York. *See* ECF 46 ("Defs' Mem.") at 1. Plaintiff, an insurance company, issued two commercial insurance policies (the "Policies") to Defendant Milestone Construction Corp. ("Milestone"), New Tent and Neo Image, which provided general and excess liability coverage for Owner Defendants' property. ECF Nos. 5-2; 5-3; *see also* ECF No. 8 ("Compl.") ¶¶ 15, 19. Both policies require that any contractors Owner Defendants hire must maintain "adequate insurance." *Id.* ¶¶ 18, 20. Owner Defendants contracted with Milestone for renovation work at their property. Compl. ¶ 22. Milestone, in turn, subcontracted with ShuangLong Construction Inc. ("ShuangLong"). *Id.* at ¶ 23.

On November 11, 2021, a ShaungLong employee brought an action in the Supreme Court of the State of New York, Bronx County against various parties, including Defendants, based on injuries he allegedly sustained while working on Defendants' construction site (the "Underlying Action"). *See* ECF No. 5-1. Initially, Peleus "tendered the defense and indemnity" of Defendants in the Underlying Action. Compl. ¶ 33. However, it retracted its coverage upon learning that ShaungLong's insurance provider, Northfield Insurance Company ("Northfield"), denied ShuangLong coverage for the underlying action. *Id.* ¶¶ 35–39. According to Peleus, because Northfield denied ShuangLong coverage, ShuangLong lacked adequate insurance as required by Peleus' Policies. *Id.* ¶ 45. Peleus advised Defendants that because their contractor did not maintain adequate insurance, Defendants were not entitled to Peleus' defense or indemnity in the Underlying Action. *Id.* ¶ 39.

On December 28, 2022, Peleus filed the instant action seeking a declaration confirming that it does not owe Defendants defense or indemnity under the Policies. ECF No. 5; Compl. at 14. Peleus served the Summons and Complaint on Defendants on January 6, 2023. ECF Nos. 16–17. The Court extended Defendants' deadline to answer or respond to the Complaint until March 3, 2023 and ordered Plaintiff to mail a copy of the order to Defendants and file proof of service by February 21, 2023, noting that if Defendants failed to respond to the Complaint, default judgment could be entered against them. ECF No. 18. Plaintiff failed to file proof of service of the Court's order and the Court again extended Defendants' deadline to answer or respond to the Complaint to April 17, 2023. ECF No. 19. On April 27, 2023, the Court directed Plaintiff to file a proposed order to show cause for a default judgment. ECF No. 23. Complying with the Court's order, Plaintiff filed the current motion seeking default judgment against Milestone, New Tent and Neo Image on May 10, 2023, and served Defendants on May 24, 2023. ECF Nos. 34, 37–38.

Counsel for Owner Defendants appeared before the Court on June 12, 2023 and requested an extension to oppose Plaintiff's motion, which the Court granted. ECF Nos. 41–42. Owner Defendants filed their opposition on June 26, 2023. ECF No. 46. As part of Owner Defendants' opposition, Ted Chen, a member of New Tent and Neo Image, filed an affidavit stating, *inter alia*, that: (1) he "was unaware" that Peleus initiated this action; (2) if he had in fact received notice of this action, he would have assumed that any such documents were related to the Underlying Action; (3) he "was not even aware what a declaratory judgment action was until" his counsel in the Underlying Action explained it to him after Plaintiff filed for default judgment; (4) his wife, "who is primarily responsible for overseeing" the construction project, was out of the country when Plaintiff served the Summons and Complaint in this matter; (5) because he is not an attorney, he did not understand "the nuances of the separate" actions; (6) his attorney in the Underlying Action caused him to become aware of this action; and (7) once he learned of the "nature of this action," he reached out Muchmore & Associates PLLC and instructed counsel to oppose Plaintiff's motion. ECF No. 46-1 ¶¶ 14–22.

The Court construes Owner Defendants' memorandum of law in opposition to Plaintiff's motion for default judgment as a motion to set aside the entry of default under Federal Rule of Civil Procedure 55(c). *See Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981) ("[An] opposition to a motion for a default judgment can be treated as a motion to set aside the entry of a default despite the absence of a formal Rule 55(c) motion.").

Milestone has not appeared in this action.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(c), the Court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In determining whether a defendant has demonstrated

"good cause" to vacate an entry of default under Rule 55(c), "a district court must consider three factors: (1) the willfulness of the default; (2) the existence of a meritorious defense to the defaulted claims; and (3) the level of prejudice that the non-defaulting party might suffer should relief be granted." *Gadre v. Hexanika, Inc.*, No. 21-CV-11221 (JPO), 2023 WL 2569882, at *2 (S.D.N.Y. Mar. 20, 2023) (citing *W.B. David & Co. v. De Beers Centenary AG*, 507 F. App'x 67, 69 (2d Cir. 2013)). "It is well established that default judgments are disfavored" and that the Second Circuit has expressed a "clear preference [] for cases to be adjudicated on the merits." *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 174 (2d Cir. 2001). Accordingly, "in ruling on a motion to vacate a default judgment, all doubts must be resolved in favor of the party seeking relief from the judgment." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).

Although the decision to enter a default judgment remains within "the sound discretion of the district court," *id.*, that "discretion has been characterized as circumscribed, as defaults are generally disfavored and are reserved for rare occasions." *Graham v. HSBC Mortg. Corp.*, No. 18-CV-4196 (KMK), 2022 WL 1266209, at *3 (S.D.N.Y. Apr. 28, 2022) (cleaned up).

## DISCUSSION

As described in more detail below, the default by Defendants New Tent and Neo Images was not willful, and there is no prejudice to Plaintiff in setting aside default. Although Defendant Milestone has not appeared, a default judgment against Milestone at this time, when other defendants have appeared and are defending themselves in the action, could lead to "inconsistent results in the case's resolution." *El Omari v. Buchanan*, No. 20-CV-2601 (VM), 2021 WL 465431, at *3 (S.D.N.Y. Feb. 9, 2021). Accordingly, the Court sets aside default against all Defendants.

### I.  Owner Defendants' Default Was Not Willful

The Second Circuit interprets willfulness, "in the context of a default, to refer to conduct that is more than merely negligent or careless." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). "Default may be considered 'willful where the conduct of counsel or the litigant was egregious and was not satisfactorily explained.'" *Gadre*, 2023 WL 2569882, at *2 (quoting *McNulty*, 137 F.3d at 738). "Even gross negligence does not lead to a finding of willfulness." *Fischer v. Forrest*, No. 14-CV-1307 (PAE), 2014 WL 2717937, at *3 (S.D.N.Y. June 16, 2014).

Owner Defendants state that their default "was not strategic or egregious, but was an oversight due to the ongoing nature" of the Underlying Action. Defs' Mem. at 3. They explained that the failure to respond occurred largely because a non-lawyer did not understand that a separate suit had been filed and once it became clear that a separate suit was filed, they appeared and opposed this motion. Plaintiff does not dispute this explanation. As such, Owner Defendants' failure to respond was the result of negligence and does not appear to be willful.

### II.  Owner Defendants' Defense is Unlikely to Constitute a Complete Defense

A meritorious defense is one that, "if proven at trial, would constitute a complete defense." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir.1993)). Owner Defendants offer one defense here: that even if Northfield did not provide ShuangLong coverage for employee injuries, Owner Defendants "anticipate" that ShuangLong's "Workers' Compensation Policy provided adequate insurance," and thus Peleus does have a duty to defend and indemnify Defendants in the Underlying Actions. Defs' Mem. at 5. Based on the language of the Policies, however, only having Workers' Compensation coverage would not constitute "adequate insurance," as the Policies require the contractor to have "Commercial General Liability Insurance, and Workers' Compensation **and** Employer's Liability Insurance." Compl. ¶ 18

5

(emphasis added). Thus, even if ShuangLong's Workers' Compensation Policy provided coverage for employee injuries, it is unlikely to represent a complete defense to Peleus' claim.

That Owner Defendants have not demonstrated the potential for a completely meritorious defense, however, does not require an entry of default judgment. *See Gadre*, 2023 WL 2569882 at *3–4 (rejecting entry of default judgment without presentation of a meritorious defense in light of "the Second Circuit's admonishment, stated time and time again, that the preferred approach is the resolution of disputes on their merits."). As such, this factor alone does not require entry of default.

### III. Setting Aside the Entry of Default Will Not Prejudice Peleus

"Because relief from a default entry . . . essentially is a matter of fairness and judicial discretion, the single most persuasive reason for denying a Rule 55(c) motion is prejudice to the nondefaulting party caused by reopening the action." *Select Harvest USA LLC v. Indian Overseas Bank*, No. 22-CV-3931 (LJL), 2023 WL 2664079, at *12 (S.D.N.Y. Mar. 28, 2023) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2699 (4th ed. 2023)). It is well established in the Second Circuit that "delay alone is not a sufficient basis for establishing prejudice." *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983). Instead, there must be a showing that delay will "result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Id.* (internal quotation marks omitted).

Here, Plaintiff's only assertion of prejudice is that denying default judgment will cause it to "incur costs defending [Owner Defendants] in the underlying action when it has no obligation to do so." ECF 47 ("Reply") at 9. Peleus offers no caselaw supporting their contention that such obligations are sufficient for establishing prejudice; the Court similarly has not identified any

6

supporting cases. Because Plaintiff does not state any basis for finding prejudice other than litigation related costs, setting aside the entry of default will not prejudice Plaintiff. *See Prestige Capital Corp. v. Fuber LLC*, No. 16-CV-9577, 2017 WL 2558803, at *4 (S.D.N.Y. June 5, 2017) (finding no significant prejudice to plaintiffs where they do not make an argument that setting aside default would "result in the loss of evidence, add difficulty to discovery, or provide opportunities for fraud or collusion"). Therefore, this factor weighs in favor of setting aside the default.

## CONCLUSION

Based on the foregoing, Plaintiff's motion for default judgement is **DENIED**. The entry of default (ECF No. 34) is set aside with respect to all Defendants. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 34.

Defendants New Tent LLC and Neo Image Enterprises LLC, through counsel, shall move, answer, or otherwise respond to the complaint within 21 days after the date of this Order.

Dated: January 11, 2024
       New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge