UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PELEUS INSURANCE COMPANY,

                         Plaintiff,

-against-

MILESTONE CONSTRUCTION CORP., NEW TENT LLC, and NEO IMAGE ENTERPRISES LLC,

                         Defendants.

22-CV-10933(JGLC)

**OPINION AND ORDER**

---

JESSICA G. L. CLARKE, United States District Judge:

Before the Court is Plaintiff Peleus Insurance Company's motion for default judgment against Defendants Milestone Construction Corp., New Tent LLC, and Neo Image Enterprises LLC. For the reasons stated herein, Plaintiff's motion for default judgment is GRANTED.

## BACKGROUND

Defendants New Tent LLC ("New Tent") and Neo Image Enterprises LLC ("Neo Image") (collectively, "Owner Defendants") are owners of real property located in Manhattan, New York. See ECF No. 46 ("Defs' Mem.") at 1. Plaintiff, an insurance company, issued two commercial insurance policies (the "Policies") to Defendants Milestone Construction Corp. ("Milestone"), New Tent, and Neo Image, which provided general and excess liability coverage for Owner Defendants' property. ECF Nos. 5-2; 5-3; see also ECF No. 8 ("Compl.") ¶¶ 15, 19. Both policies require that any contractors Owner Defendants hire must maintain "adequate insurance." *Id.* ¶¶ 18, 20. Owner Defendants contracted with Milestone for renovation work at their property. Compl. ¶ 22. Milestone, in turn, subcontracted with ShuangLong Construction Inc. ("ShuangLong"). *Id.* at ¶ 23.

On November 11, 2021, a ShaungLong employee brought an action in the Supreme Court of the State of New York, Bronx County against various parties, including Defendants, based on injuries he allegedly sustained while working on Defendants' construction site (the "Underlying Action"). See ECF No. 5-1. Initially, Peleus "tendered the defense and indemnity" of Defendants in the Underlying Action. Compl. ¶ 33. However, it retracted its coverage upon learning that ShaungLong's insurance provider, Northfield Insurance Company ("Northfield"), denied ShuangLong coverage for the underlying action. *Id.* ¶¶ 35–39. According to Peleus, because Northfield denied ShuangLong coverage, ShuangLong lacked adequate insurance as required by Peleus' Policies. *Id.* ¶ 45. Peleus advised Defendants that because their contractor did not maintain adequate insurance, Defendants were not entitled to Peleus' defense or indemnity in the Underlying Action. *Id.* ¶ 39.

On December 29, 2022, Plaintiff filed the Complaint in this action. *Id.*; Compl. Plaintiff filed proof of service that Defendants were served on January 6, 2023. ECF Nos. 15 –17. Defendants failed to appear, answer, or otherwise move with respect to the Complaint, and on May 3, 2023 a Clerk's Certificate of Default was entered as to each Defendant. ECF No. 33. On May 10, 2023, Plaintiff filed a motion for default judgment. ECF No. 34 ("First Motion for Default Judgment"). On May 22, 2023, the Court ordered Defendants to show cause as to why default judgment should not be entered against them. ECF No. 35. The motion for default judgment and order to show cause were served on Defendants on May 24, 2023. ECF Nos. 36–38. On June 12, 2023, counsel appeared for Defendants New Tent and Neo Image. ECF No. 41. Thereafter, the Court denied Plaintiff's motion for default judgment as to all defendants. ECF No. 49.

On April 19, 2024, Plaintiff moved for default judgment again, and the Clerk of Court entered a new Certificate of Default as to each Defendant. ECF Nos. 53, 55 ("Second Motion for Default Judgment"). On May 9, 2024, the Court ordered Defendants to show cause as to why default judgment should not be entered against them. ECF No. 58. The motion for default judgment and order to show cause were served on Defendants on May 13, 2024. ECF Nos. 59–61. Defendants failed to respond. Plaintiff seeks declaratory relief providing that it does not owe a duty to defend or indemnify Defendants in the Underlying Action. Compl. ¶ 58.

## DISCUSSION

Plaintiff's requested relief requires the Court to determine whether the Court has subject matter jurisdiction over the action, if the criteria for default judgment are met, and whether Plaintiff is entitled to the declaratory relief it seeks. The Court addresses each in turn.

### I.  Subject Matter Jurisdiction

"Before granting a motion for default judgment, a court must first determine whether it has subject matter jurisdiction over the action." *Mt. Hawley Ins. Co. v. Pioneer Creek B LLC*, No. 20-CV-150 (ALC), 2021 WL 4427016, at *3 (S.D.N.Y. Sept. 27, 2021) (internal citations omitted). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Scottsdale Ins. Co. v. Acceptance Indem. Ins. Co.*, No. 19-CV-7294 (RA), 2019 WL 6498316, at *3 (S.D.N.Y. Dec. 3, 2019) (citing *Correspondent Servs. Corp. v. First Equities Corp. of Fla.*, 442 F.3d 767, 769 (2d Cir. 2006)). "Moreover, when seeking declaratory judgment to determine the applicability of an insurance policy, the

jurisdictional amount in controversy is measured by the value of the underlying claim." *Id.* (internal citation omitted) (cleaned up).

Here, Plaintiff has satisfied its burden of demonstrating subject matter jurisdiction on diversity grounds. There is complete diversity between Plaintiff, a citizen of Virginia, and Defendants, all citizens of New York. Compl. ¶¶ 2–7. The amount in controversy also exceeds $75,000 with respect to the coverage sought in the underlying claim. *See* ECF Nos. 63, 64. As such, this Court has subject matter jurisdiction.

## II.     Default Judgment

The Court outlines the standard for a grant of default judgment and determines that each factor of the default judgment analysis weighs in favor of granting default judgment against all defendants.

### A. Legal Standard

Under Federal Rule of Civil Procedure 55, there are two steps involved in entering judgment against a party who has failed to defend: entry of default, and the entry of default judgment. *See New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). The first step "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). "The second step, entry of a default judgment, converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)." *Id.* Rule 54(c) states "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

A defendant against whom default is entered is deemed to have admitted the well-pleaded factual allegations in the complaint establishing liability. *See* Fed. R. Civ. P. 8(b)(6); *S.E.C. v. Razmilovic*, 738 F.3d 14, 19 (2d Cir. 2013). Nonetheless, the district court "must determine whether those allegations establish a sound legal basis for liability." *Zhen Ming Chen v. Y Café Ave B Inc.*, No. 18-CV-4193 (JPO), 2019 WL 2324567, at *1 (S.D.N.Y. May 30, 2019) (internal citations omitted). "In determining whether to grant a motion for default judgment, a court within this district considers three factors: '(1) whether the defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment.'" *Nespresso USA, Inc. v. Africa America Coffee Trading Co. LLC*, No. 15-CV-5553 (LTS), 2016 WL 3162118, at *2 (S.D.N.Y. June 2, 2016) (quoting *Indymac Bank, F.S.B. v. National Settlement Agency, Inc.*, No. 07-CV-6865 (LTS) (GWG), 2007 WL 4468652, at *1 (S.D.N.Y. Dec. 20, 2007)).

### B. Plaintiff Has Established a Sound Legal Basis for Liability

The allegations in this case demonstrate a legal basis for liability. The complaint asserts that Peleus' insured has been named as Defendants in the Underlying Action, and Peleus has been providing them with a defense in the Underlying Action pursuant to the Peleus Policy. Compl. ¶¶ 12, 15, 16. Peleus has notified Defendants that it denies coverage. *Id.* ¶ 39. Although the Complaint does not expressly allege that Defendants dispute Peleus' non-coverage position, Peleus' position is indisputably adverse to Defendants and is specific in the relief it seeks.

Plaintiff also has standing to seek declaratory relief in this case. "The Declaratory Judgment Act provides that, '[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.'" *MedImmune, Inc.*

5

*v. Genentech, Inc.*, 549 U.S. 118, 126 (2007) (citing 28 U.S.C. § 2201(a)). "A declaratory judgment plaintiff must demonstrate that the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Organic Seed Growers & Trade Ass'n v. Monsanto Co.*, 851 F. Supp. 2d 544, 550 (S.D.N.Y. 2012), *aff'd*, 718 F.3d 1350 (Fed. Cir. 2013) (internal citation and quotation marks omitted). "Such a controversy may arise between an insurer and an injured party from an underlying state court action." *Falls Lake Nat'l Ins. Co. v. DNA Plumbing Contractors, Inc.*, No. 20-CV-2798 (RJD) (RER), 2021 WL 3518279, at *7 (E.D.N.Y. May 4, 2021), *report and recommendation adopted*, No. 20-CV-2798 (RJD) (RER), 2021 WL 2702571 (E.D.N.Y. July 1, 2021); *see also Harleysville Ins. Co. v. Certified Testing Lab'ys Inc.*, 681 F. Supp. 3d 155, 165 (S.D.N.Y. 2023) ("Courts commonly acknowledge the propriety of declaratory relief in actions, like this one, initiated by insurers against their insureds to bring certainty to their coverage obligations, particularly where underlying actions against the insured already are pending."). "[T]he Second Circuit instructs district courts to use two criteria when ruling on a request for declaratory relief: "(1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; and (2) whether the judgment would finalize the controversy and offer relief from uncertainty." *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 389 (2d Cir. 2005) (internal citation omitted).

     This matter presents "an immediate substantial controversy . . . namely, whether and to what extent an insurance company is liable for future coverage." *GuideOne Specialty Mut. Ins. Co. v. Rock Cmty. Church, Inc.*, 696 F. Supp. 2d 203, 212 (E.D.N.Y. 2010). Peleus is providing Defendants with a defense in the Underlying Action pursuant to the Peleus Policy and seeks

declaratory relief providing that it does not owe a duty to defend or indemnify Defendants in the Underlying Action. Compl. ¶¶ 16, 58. Therefore, declaratory judgment will unquestionably settle the controversy of whether Plaintiff is responsible for providing coverage to defendants in the underlying state court action. *See GuideOne Specialty*, 696 F. Supp. 2d at 212.

### C. Each Factor of the Default Judgment Analysis Weighs in Favor of Granting Default Judgment Against All Defendants

Default judgment is also warranted based on the relevant factors. First, Defendant's default was willful. Defendants have failed to respond to the Second Motion for Default Judgment and this Court's order to show cause, despite being served with both. ECF Nos. 57, 59–61. Several months have passed since the second Certificate of Default was entered, and Defendants have taken no action in this matter since that date. *See* ECF No. 55.

Defendants also lack a meritorious defense. In opposition to the First Motion for Default Judgment, Defendants asserted that "they complied with the 'adequate insurance' provision in the Peleus Policy" by having Workers' Compensation coverage. Defs' Mem. at 5. However, as discussed in the Order on the First Motion for Default Judgment, this coverage does not constitute "adequate insurance" under the Policy. *See* ECF No. 49. As such, Defendants have not demonstrated the potential for a completely meritorious defense. There is no other evidence before the Court suggesting that Defendants have any other meritorious defenses.

Lastly, there is no prejudice to Defendants, who have brazenly refused to partake in this action. Instead, denying the motion for default judgment would be prejudicial as to Plaintiff because it would leave coverage obligations unresolved. *See* ECF No. 56-2 at 38. Accordingly, the Court finds that each factor weighs in favor of granting Plaintiff's motion for default judgment.

## CONCLUSION

For the foregoing reasons, the Plaintiff's motion for default judgment is hereby GRANTED with respect to its declaratory judgment. The Court declares that there is no coverage under the Peleus Policy and Peleus Excess Policy and Plaintiff has no duty to defend or indemnify Defendants in the Underlying Action because the Contractor Warranty applies to exclude coverage. The Court further declares that Plaintiff is entitled to terminate and withdraw from the defense of the Underlying Action. The Clerk of Court is directed to terminate ECF No. 56, enter judgment for Plaintiff, and close this case.

Dated: January 6, 2025
       New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge